UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE ANNE GERRICK,

        Plaintiff,

    v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

CASE NO. 15-CV-12998
HONORABLE GEORGE CARAM STEEH
MAG. JUDGE STEPHANIE DAWKINS DAVIS

_____/

**OPINION AND ORDER AFFIRMING ADMINISTRATIVE LAW JUDGE,
REJECTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(DOC. 16), SUSTAINING DEFENDANT'S OBJECTIONS (DOC. 17), GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. 14), and
<u>DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. 12)</u>**

Plaintiff Christine Gerrick appeals from the final decision of the Commissioner of

Social Security denying her application for disability insurance benefits.  The

Administrative Law Judge ("ALJ"), J. William Callahan, affirmed the Commissioner.

This matter is before the Court on the parties' cross-motions for summary judgment.

The motions were referred to Magistrate Judge Stephanie Dawkins Davis for a report

and recommendation ("R&R").  The Magistrate Judge recommends that the Court

reverse the Administrative Law Judge ("ALJ"), grant plaintiff's motion for summary

judgment, and deny defendant's motion for summary judgment.  Defendant has filed

timely objections to the Magistrate Judge's R&R which this court has duly considered.

For the reasons that follow, defendant's objections shall be sustained, the ALJ shall be

affirmed, and the court shall reject the Magistrate Judge's R&R.

-1-

## I. BACKGROUND

Defendant does not object to the Magistrate Judge's recitation of the facts and procedural history in the R&R.  The Court adopts and incorporates that portion of the R&R in full without repeating it here.  This opinion addresses defendant's objections to the R&R.  Additional facts will be set forth in the analysis below, as needed.

The Magistrate Judge recommends reversing the ALJ for several reasons: (1) the ALJ did not consider the opinions from any treating physicians regarding plaintiff's functional limitations where plaintiff failed to proffer the same, (2) the record was not fully developed because the ALJ gave significant weight to the opinion of Dr. Karl Manders but did not fully articulate the basis for his opinion, (3) the ALJ's opinion that plaintiff had no medically determinable mental impairment was not supported by substantial evidence where three physicians diagnosed plaintiff with anxiety, and thus, recommended that the matter be remanded so that plaintiff's residual functional capacity ("RFC") could be modified to include the moderate impairment in concentration, persistence, or pace noted by Dr. Paul Liu.  The Magistrate Judge recognized that the omission of anxiety as a listed impairment would be harmless error since at step two, the ALJ found that plaintiff had several other severe impairments, including hypertension, dissection of the left cervical internal carotid artery, and history of migraine, and had proceeded to step three.  Thus, omission of anxiety as an impairment at step two would only require remand if the RFC failed to include all medically determinable impairments, which the Magistrate Judge found that it did.

The Commissioner objects to the R&R for four reasons: (1) the ALJ was not required

to obtain medical opinions from plaintiff's treating sources where plaintiff failed to provide same, (2) the ALJ was permitted to use the absence of a treating source opinion to call the severity of plaintiff's impairments into question, (3) the ALJ properly gave significant weight to Dr. Manders' opinion, and (4) the ALJ incorporated Dr. Liu's finding that plaintiff experienced moderate restrictions in concentration, persistence, or pace into plaintiff's RFC.

## II. LEGAL STANDARDS

### A.    Objections to a Magistrate Judge's R&R

A party may file timely written objections to a magistrate judge's proposed findings and recommendations.  28 U.S.C. § 636(b)(1).  "A judge of the court shall make a *de novo* determination of those portions of a report or specified proposed findings or recommendations to which objection is made."  *Id.*  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  *Id.*

### B.    Judicial Review of an ALJ's Decision

Judicial review of a Social Security disability benefits application is limited to determining whether "the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).  A reviewing court may not resolve conflicts in the evidence or decide questions of credibility.  *Brainard v. Sec'y of HHS*, 889 F.2d 679, 681 (6th Cir. 1989).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citations omitted). It is "more than a scintilla but less than a preponderance." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 399 (1938). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey v. Sec'y of HHS*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009). The substantial evidence standard is deferential and "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference with the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citations omitted).

When determining whether the commissioner's decision is supported by substantial evidence, the reviewing court must take into consideration the entire record as a whole. *Futernick v. Richardson*, 484 F.2d 647, 649 (6th Cir. 1973). But there is no requirement that the reviewing court discuss all of the evidence in the record. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (citing *Loral Defense Sys. Akron v. NLRB*, 200 F.3d 436, 453 (6th Cir. 1999).

### III. ANALYSIS

**1.      The ALJ was not required to obtain medical opinions from plaintiff's treating sources where plaintiff failed to provide same.**

Plaintiff failed to provide the ALJ with a treating source opinion showing that she suffered from a disabling limitation. This is not to say that she failed to submit treating physician records, only that she failed to submit treating source opinions suggesting that she could not perform all work on a sustained basis or that she had greater functional

-4-

limitations than those outlined in the ALJ's assessment of her residual functional capacity ("RFC").   (T. 9-2, PgID 45).

The Magistrate Judge recommends reversing the ALJ's decision because there were no opinions from any treating physicians regarding plaintiff's functional limitations, and the ALJ denied counsel's request to keep the administrative record open for 30 days after the hearing so that medical source evidence could be obtained.  The Sixth Circuit has recognized that although an ALJ has the affirmative duty to develop the factual record, the ALJ need not "seek out a physician's medical opinion where one is not offered."  *Brown v. Comm'r of Soc. Sec.*, 602 F. App'x 328, 331 (6th Cir. 2015); *see Cox v. Comm'r of Soc. Sec.*, 615 F. App'x 254, 263 (6th Cir. 2015) ("We recently held that an ALJ had sufficiently developed the record despite his failure to obtain the findings and opinions of the claimant's treating physician.  We reach this conclusion even though the claimant . . . was unrepresented before the ALJ, heightening the ALJ's duty to develop the record.").  The Claimant has the burden to seek out specific evidence to support her claim.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 ("It is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so.").

However, the ALJ must ensure that the record contains "sufficient evidence to make a determination." *Landsaw v. Sec'y of Health & Human Serv.*, 803 F.2d 211, 214 (6th Cir. 1986).    In this case, the record consisted of 348 pages of medical evidence.  The ALJ's thoughtful opinion discussed this record evidence at great length.  (T. 9-2, PgID 42-47).  Some of the evidence discussed in the ALJ's detailed opinion included various diagnostic tests,  MRAs, CT angiograms, Doppler scans; hospital records,

treating physician records, as well as progress notes and treatment records from

numerous sources, as well as the opinion of medical expert Dr. Karl Manders who

reviewed the medical records and offered an opinion on plaintiff's condition.  Because

the record was sufficiently developed for the ALJ to render an opinion, the court

sustains the Commissioner's objection to the R&R's conclusion that the ALJ erred by

not extending the time for plaintiff to submit treating source opinions about plaintiff's

alleged inability to work.

**2.    The ALJ was permitted to use the absence of a treating source opinion to call the severity of plaintiff's impairments into question.**

The ALJ questioned plaintiff's credibility because she failed to submit treating

source opinions to support her claim of disability.  (T. 9-2 PgID 47).  The Magistrate

Judge found that the ALJ should not have considered plaintiff's failure to submit treating

source opinions about her inability to work because plaintiff was not working at the time

she received treatment; thus, her providers were not called upon to render opinions

about her ability to work.  Specifically, in her R&R the Magistrate Judge stated:

> none of [plaintiff's treating physicians] opined regarding plaintiff's
> functional limitations as it pertains to working full-time.  This makes perfect
> sense because plaintiff stopped working in 2007 for reasons entirely
> unrelated to her health or disability, long before the issues presented here
> manifested themselves.  Therefore, it appears that her physicians would
> have had no reason to offer such opinions in their regular treating notes,
> as physicians typically do when treating a patient who is working.

(Doc. 16 at 27).  The Commissioner argues that the above reasoning is flawed because

almost no disability claimants are working full time during the pendency of their

applications; thus, under the above rule, an ALJ could never discount a claimant's

credibility due to a lack of supportive opinion evidence.  It was plaintiff's burden to

provide evidence establishing that she was disabled.  Also, the ALJ did not issue his

opinion until five weeks after the hearing, during which time, plaintiff still could have

submitted additional medical evidence.  For these reasons, the Commissioner's second

objection shall be sustained.

**3.    The ALJ properly gave significant weight to Dr. Manders' opinion**

Plaintiff argues that Dr. Manders' opinion was not entitled to significant weight

because he did not consider the full record.  There is no dispute that Dr. Manders

specifically referenced Exhibits 2F, 3F, 4F, 7F, and 8F in his report.  Plaintiff claims his

report is nevertheless flawed because he did not consider: (1) treatment records from

Dr. Dawn Coleman of the University of Michigan Department of Neurology (Ex. 18F), (2)

progress notes from Dr. Mark Friedland (Ex. 13F), (3) outpatient records from the

University of Michigan (Ex. 17F), (4) office treatment notes from Dr. Genevive Crandall

(Ex. 14F), (5) progress notes from Dr. Michael Folbe (Ex. 15F), and (6) office treatment

records dated 9/10/2013 to 11/12/2103 (Ex. 16F).  Plaintiff's argument lacks merit

because the ALJ's opinion is clear that he, himself, considered Exhibits 13F, 14F, and

16F.  (Tr. 9-2, PgID 42-47).  As to the two exhibits not specifically referenced in the

ALJ's opinion, the court's review of those documents leads to the conclusion that they

do not offer substantial support to plaintiff's claim of disability.  Dr. Folbe's progress

notes from November 7, 2012 to October 17, 2013 (Ex. 15F) specifically mentions that

plaintiff exercises and walks daily.  (Tr. 9-8 PgID 554) and does not report findings that

plaintiff's disability was severe enough to keep her from working.  Also, records from Dr.

Dawn Coleman are consistent with the ALJ's opinion as her records state, plaintiff's

"neurovascular exam and CT are reassuring today.  I have recommended ongoing

-7-

routine surveillance (i.e. Repeat cross-sectional imaging in 1 year to include CTA of the chest and neck)." (T. 9-8, PgID 581).

In sum, the ALJ properly considered Dr. Manders' opinion, but the ALJ's decision was based on much more than Dr. Manders' report. As previously discussed, the ALJ's opinion thoroughly discussed virtually all of the record evidence. Thus, even if Dr. Manders' opinion did not expressly mention review of all the medical evidence that forms the record in this case, the ALJ's reliance on his opinion, when bolstered by consideration of the record evidence as a whole, was proper. Thus, the Commissioner's third objection shall be sustained.

**4.    The ALJ incorporated Dr. Paul Liu's finding that plaintiff experienced moderate restrictions in concentration, persistence, or pace into plaintiff's RFC.**

Finally, the court considers the Commissioner's objection to the Magistrate Judge's finding that the ALJ's determination of the RFC was deficient because it did not accurately account for plaintiff's moderate impairment in concentration, persistence, or pace as noted by Dr. Paul Liu. Dr. Liu opined that plaintiff suffered moderate restrictions in concentration, persistence or pace. (T. 9-3, PgID 110). He also concluded that she could perform "simple tasks in a work setting." *Id.* PgID 114 . His examination also noted that claimant could prepare meals, complete chores, shop, take care of her children, and attend church. *Id.* PgID 110.   The ALJ carefully delineated plaintiff's RFC and limited her to "light work" where claimant could "have only incidental contact with the general public, and occasional contact with co-workers and supervisors." (T. 9-2, PgID 43, 47). Given this construction, the RFC adequately

provided for plaintiff's limitations and remand is not warranted.  Based on her RFC, the vocational expert testified that claimant could work as a lens inserter, addresser, or a surveillance monitor, (T. 9-2 PgID 48), all of which constitute "unskilled" work, which would necessarily accommodate her moderate mental impairments.  In similar circumstances, courts have found that the hypothetical question to the vocational expert accurately accounted for plaintiff's problems with concentration, persistence, and pace, when the ALJ limited the plaintiff's RFC to an ability to carry out "unskilled" work.  *See Latarte v. Comm'r of Soc. Sec.*, No. 08-13022, 2009 WL 1044836, at *3 (E.D. Mich. April 20, 2009).  Accordingly, the Commissioner's fourth objection is sustained.

In response to the Commissioner's fourth objection, plaintiff also argues the RFC insufficiently addressed her physical limitations by not accounting for her limitations in hearing and tinnitus, and difficulties with hypertension and fatigue.  The ALJ, however, specifically dismissed plaintiff's complaint of tinnitus as there was no mention of such a problem in claimant's physical examination (T. 9-2 PgID 43 (citing T. 9-8, Ex. 16F))**.**  As to her claim of problems with hypertension and fatigue, the ALJ relied on Dr. Ernesto Bedia's conclusion that plaintiff's blood pressure was well controlled (T. 9-2 PgID 45), and found that her claims of fatigue were not entirely credible.  *Id.* PgID 44**.**  The ALJ also relied on Dr. Manders' conclusion that plaintiff could sit for 8 hours in an 8-hour workday which he found was well supported by the overall record.  *Id.* PgID 46.  Given that the ALJ's determination of plaintiff's RFC was supported by substantial evidence, his decision shall be affirmed.

**IV. CONCLUSION**

For the reasons explained above, the ALJ is AFFIRMED, the Magistrate Judge's Report and Recommendation (Doc. 16) is REJECTED.  Defendant's objections (Doc. 17) are SUSTAINED, defendant's motion for summary judgment (Doc. 14) is GRANTED, and plaintiff's motion for summary judgment (Doc. 12) is DENIED.

IT IS SO ORDERED.

Dated:  September 26, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 26, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

-10-